## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 24-cr-20397-ALTMAN/SANCHEZ(s)(s)

**UNITED STATES OF AMERICA**

**vs.**

**VICTOR RAFAEL ARCIA ALBEJA,**
    **a/k/a "Vitico,"**
**YOELIS PRADA RAMOS,**
    **a/k/a "Bot Marley,"**
    **a/k/a "El Bolaito,"**
**JOSE ANGEL MARRERO RODRIGUEZ, and**
**VICTOR MANUEL PEREZ CARDENAS,**

              **Defendants.**
_____/

### UNITED STATES' SIXTH RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this sixth response to the Standing Discovery Order.  This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

A.    1.    The government is unaware of any written or recorded statements made by the defendant.

2.    Any portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent has been or will be produced.

3.    No defendant testified before the Grand Jury.

4.    The defendants' prior criminal records have been produced.

5.    Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected at a mutually convenient time at:  the Office of the United States Attorney, 99

Northeast 4th Street, Miami, Florida, Suite 539.  Please call the undersigned to set up a date and time that is convenient to both parties.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, data, etc., that the government may intend to introduce at trial.

6.   There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B.   DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10.   This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.   The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.   The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.   The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.   As disclosed in prior responses to the Standing Discovery Order, witnesses identified defendants from photograph arrays and photographs.

G.   The government has advised its agents and officers involved in this case to preserve all rough notes.

H.   The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b).  Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

2

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents.

I.       The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518.

J.       The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.       No contraband is involved in this indictment.

L.       The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.       The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.       The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.  These stipulations will be discussed at the discovery conference.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

The attachments to this Sixth Response to the Standing Discovery Order are contained in a zip file provided to defense counsel via the USAfx file exchange portal, and thumb drives provided by counsel for the defendants Victor Rafael Arcia Albeja and Jose Angel Marrero Rodriguez.

**Contents of Zip File, Sixth Response to the SDO**

| Folder, Subfolder, Document Name (Folders and Subfolders in Bold Text) | Bates Numbers, Number of Pages, Other Description |
|---|---|
| image000000.jpg | |
| Video from phone.mp4 | |
| video to share 2.mp4 | |
| video to share.mp4 | |
| | |

Please contact the undersigned AUSA if you are unable to access the zip file, or any of the items referenced in this response are missing from the zip file, or thumb drive.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:   **Dwayne Williams**
DWAYNE EDWARD WILLIAMS
Assistant United States Attorney
Florida Bar No. 0125199
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9163
Fax: (305) 530-6158
Dwayne.Williams@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing United States' Sixth Response to the Standing Discovery Order was filed with the Clerk of the Court, via CM/ECF, on this 4th day of June 2025.

**I FURTHER CERTIFY** that a zip file containing the United States' Sixth Response to the Standing Discovery Order (the items listed above) was produced to counsel for the defendants via USAfx file exchange portal, on or about the 8th day of May 2025.

**I FURTHER CERTIFY** that a thumb drive containing the United States' Sixth Response to the Standing Discovery Order (the items listed above) was produced to Wilfredo Fernandez, Esq., counsel for Jose Angel Marrero Rodriguez, on or about, or prior to the 16th day of May 2025.

**I FURTHER CERTIFY** that a thumb drive containing the United States' Sixth Response to the Standing Discovery Order (the items listed above) was produced to Eduardo Pereira, Esq., counsel for Victor Rafael Arcia Albeja, on the 27th day of May 2025.

<u>**Dwayne Williams**</u>
DWAYNE EDWARD WILLIAMS
Assistant United States Attorney